Julian **CARR**, Plaintiff-Appellant,

v.

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 74–2589**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Jan. 24, 1975.

Rehearing Denied March 6, 1975.

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. 1970, 431 F.2d 409, Part I.

James A. Baccus, Miami, Fla., for plaintiff-appellant.

Robert W. Rust, U. S. Atty., C. Wesley G. Currier, Asst. U. S. Atty., Miami, Fla., for defendant-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

GEWIN, Circuit Judge:

While on active duty with the United States Air Force, appellant was hospitalized on October 10, 1949 for a liver ailment. The disease eventually led to his retirement from the armed services on June 30, 1950, with a disability rating of thirty percent. He has received retirement pay equal to thirty percent of his base pay since that date, pursuant to the Career Compensation Act of 1949, ch. 681, 63 Stat. 802.

In 1965 appellant petitioned the Court of Claims for a determination that amended § 415[1] of the Act had deprived him of a vested right to remuneration at seventy-five percent of base pay under original § 415.[2] He argued that Congress, by deleting certain phrases from

1. Any member who, on October 1, 1949, was a hospital patient and who, prior to January 1, 1951, is retired as a result of a physical disability growing out of the injury or disease for which he was hospitalized, may elect to receive retirement benefits computed under the laws in effect on September 30, 1949.

Ch. 175, 64 Stat. 158.

2. Any member who, on the effective date of this Act, is a hospital patient and who within six months of the effective date of this Act is retired as a result of a physical disability growing out of the injury or disease for which he was hospitalized as of the date of enactment of this Act, may elect to receive retirement benefits computed under the laws in effect on the date preceding the date of enactment of this Act.

Ch. 681, § 415, 63 Stat. 825.

the original version,[3] had unlawfully removed him from the category of persons entitled to receive benefits computed on the basis of laws in effect prior to the Compensation Act. The Court of Claims, however, disagreed with his underlying assumptions. Upon consideration of written and oral arguments, the court held that appellant was not covered by either original § 415 or its amended counterpart. Hence, he was not entitled to increased retirement benefits.[4]

He brought this action several years later seeking a declaration that amended § 415 is unconstitutional. His prayer for relief before the district court, however, requested damages equalling the difference between seventy-five percent and thirty percent of base pay. Thus, the ultimate relief sought before both the Court of Claims and the United States District Court was identical. The district court denied the petition on res judicata grounds.

Appellant now maintains that no court has ever decided the constitutionality of amended § 415, and that he should be given the opportunity to prove that it violates his rights to equal protection and due process of law. While appellant is perfectly correct in his first assertion that no judicial body has ruled on the amendment's constitutionality, the propriety of his second contention does not inexorably follow.

■ The doctrine of res judicata makes a final valid judgment conclusive on the parties as to all matters of fact and law that were or should have been adjudicated in the proceeding. 1B

Moore's Federal Practice § 0.405(1) (2d ed. 1948). The rule "is founded upon the generally recognized public policy that there must be some end to litigation and that when one appears in court to present his case, is fully heard, and the contested issue is decided against him, he may not later renew the litigation in another court." Heiser v. Woodruff, 327 U.S. 726, 733, 66 S.Ct. 853, 856, 90 L.Ed. 970, 976 (1946).

■ Constitutional questions may be raised before the Court of Claims, 28 U.S.C. § 1491, so appellant had an opportunity to litigate the issue before that tribunal. The conclusiveness of res judicata, however, also depends upon whether the second suit is based upon the same "cause of action" as the prior proceeding. Acree v. Air Line Pilots Association, 390 F.2d 199 (5th Cir. 1968); Wilson Cypress Co. v. Atlantic Coast Line Railroad Co., 109 F.2d 623 (5th Cir. 1940). Here the appellant demands the same type of relief he sought before the Court of Claims: monetary damages. The acts complained of—the government's refusal to award a higher rate of retirement pay—are identical. No material facts have been alleged that were absent from the Court of Claims' deliberations. In essence, the only difference is appellant's theory of recovery. See Norman Tobacco and Candy Co. v. Gillette Safety Razor Co., 295 F.2d 362 (5th Cir. 1961); Williamson v. Columbia Gas and Electric Corp., 186 F.2d 464 (3d Cir. 1950). Since the primary right and the alleged wrong are the same in each action, Carr's present claim is barred by res judicata.[5] Wasoff v. American Auto-

3. As notes 1 and 2 demonstrate, Congress amended the provision by replacing "effective date" and "date of enactment" with the single date "October 1, 1949."

4. Although the Court of Claims summary order does not explicitly state the grounds for its conclusion, it was apparently based on the fact that *effective date* was defined in the original act as October 1, 1949. *See* § 533(a), 63 Stat. 841 (App. 9). Since appellant was not hospitalized on October 1, he did not fall within the purview of the original § 415 nor, as he concedes, within the amendatory provision.

5. We note, parenthetically, that if Carr's second suit had not presented the same cause of action, his claim would nonetheless be barred by collateral estoppel. While res judicata bars relitigation of the same cause of action, collateral estoppel bars relitigation of the same facts or issues that were necessarily determined in the prior proceeding. 1B Moore's Federal Practice, §§ 0.405 and 0.441(2) (2d ed. 1948). In Carr's previous suit the Court of Claims squarely held that he did not meet the prerequisites of original § 415. Any award of seventy-five percent base pay in the present litigation would nec-

mobile Insurance Co., 451 F.2d 767 (5th Cir. 1971).

The judgment of the trial court is affirmed.

éssarily rest on the opposite conclusion, i. e. that Carr *did* fit within the earlier provision. This we could not do, because the Court of Claims decision settled that issue. Thus, even applying principles of collateral estoppel, an adjudication of the constitutionality of the

amendment is unnecessary and should be avoided. *See* Ashwander v. TVA, 297 U.S. 288, 347, 56 S.Ct. 466, 483, 80 L.Ed. 688, 711 (1936) (Brandeis, J., dissenting in part); Texas v. Grundstrom, 404 F.2d 644 (5th Cir. 1968).