**UNITED STATES of America, Plaintiff,**

v.

**William Ezra POWELL and Evie W. Powell, Defendants.**

**Civ. A. No. 379–32.**

United States District Court,
S. D. Georgia,
Dublin Division.

July 25, 1980.

Henry L. Whisenhunt, Jr., Asst. U.S. Atty., Augusta, Ga., Gerald B. Leedom, Tax Division, Trial Section, Southern Region, Dept. of Justice, Washington, D.C., for plaintiff.

Joe W. Rowland, Wrightsville, Ga., for defendants.

## ORDER

BOWEN, District Judge.

Defendant William Ezra Powell was assessed distilled spirit excise taxes in the amount of $17,491.21 on March 8, 1976. 26 U.S.C. §§ 5001, 5005 (1976). The assessment arose as the result of defendant's alleged involvement in an illegal distillery operation from February 21, 1973, through April 2, 1973. In this action against William Ezra Powell and his wife Evie W. Powell, plaintiff seeks to reduce to judgment the amount of the assessment plus interest and all other statutory additions. Plaintiff further claims a federal tax lien on all property owned by William Ezra Powell as of the date of the assessment, and specifically seeks to foreclose the claimed federal tax lien on property described in paragraph 11 of plaintiff's complaint. Presently before the Court are motions for summary judgment filed by plaintiff and defendant Evie W. Powell.

## I

In support of its motion for summary judgment, plaintiff asserts: (1) defendant William Ezra Powell is collaterally estopped from contesting his involvement in the operation of an unlawful distillery which gave rise to the subject tax assessment, and (2) no genuine issue of material fact exists concerning the amount of the assessment. Presented with the motion are documentary exhibits authenticated by affidavit and unchallenged by defendants. Defendants offered no opposing evidence under Fed.R. Civ.P. 56(e). Additionally, in accordance with Local Rule 6.6, plaintiff filed a statement of material facts, which, since no opposing statement was filed, may be deemed admitted.

Plaintiff's statement of material facts shows the following:

(a) Defendant William Ezra Powell was convicted in this Court on October 28, 1968, of unlawfully selling distilled spirits in containers which did not bear the necessary stamps evidencing determination or payment of the tax required to be paid thereon, in violation of 26 U.S.C. §§ 5205(a)(2), 5604(a)(1) (1976). Defendant was sentenced to two years confinement and three years probation.

(b) On his plea of guilty, defendant was convicted of willfully and knowingly transferring a quantity of distilled spirits required to be stamped under the provisions of Chapter 51, Title 26, United States Code. Defendant was sentenced to five years probation and fined $2,500.00.

(c) The Chief Probation Officer petitioned this Court for revocation of defendant William Ezra Powell's probation on July 2, 1973, alleging a violation of the conditions of defendant's probation,

By conspiring in an illegal liquor operation (Title 18:371) in the Middle and Southern Districts of Georgia during the period of February 21, 1973, through April 19, 1973, along with one Harold James Keairns.

(d) A full evidentiary hearing was held before the Honorable Alexander A. Lawrence, Chief Judge of this Court, on the petition for probation revocation. At the conclusion of this hearing, by order entered July 18, 1973, the Court revoked defendant's probation, finding "that the defendant is guilty of having violated the terms and conditions of his said probation as alleged by the Probation Officer."

(e) On appeal from this final judgment ordering probation revocation, the Fifth Circuit Court of Appeals affirmed. *United States v. Powell*, No. 73–3596 (Feb. 6, 1974).

Liability for taxes imposed by 26 U.S.C. § 5001(a)(1) (1976) on distilled spirits, whether lawfully or unlawfully produced, *see United States v. Rizzo*, 297 U.S. 530, 533, 56 S.Ct. 580, 581, 79 L.Ed. 1244 (1936),

is incurred by "[e]very proprietor or possessor of, and every person in any manner interested in the use of, any still, distilling apparatus, or distillery." 26 U.S.C. § 5005(b)(1) (1976). The tax assessment which is the subject matter of the instant action arose from the same unlawful distillery operation alleged in the probation revocation petition. Brief for Plaintiff, Exhibits I, H, O. Plaintiff argues that summary judgment is proper on defendant's status as a "person in any manner interested in the use of [the subject] still, distilling apparatus, or distillery" since the issue was fully litigated adversely to defendant at the probation revocation hearing, and, therefore, may not be contested in this subsequent civil litigation.

■ Collateral estoppel, or issue preclusion, prevents a party from relitigating an issue already decided in an earlier litigation. *Merrill v. Walter E. Heller & Co.*, 594 F.2d 1064, 1067 (5th Cir. 1979); *Hann v. Carson*, 462 F.Supp. 854, 859 (M.D.Fla.1978). Generally, three criteria are necessary to invoke the doctrine: " '(1) the issue to be concluded must be identical to that involved in the prior action; (2) in the prior action the issue must have been "actually litigated"; and (3) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment'." *International Association of Machinists & Aerospace Workers v. Nix*, 512 F.2d 125, 132 (5th Cir. 1975) (quoting *Port Arthur Towing Co. v. Owens-Illinois, Inc.*, 492 F.2d 688, 692 n.6 (5th Cir. 1971)). *See Stevenson v. International Paper Company*, 516 F.2d 103, 110 (5th Cir. 1975); *Defenders of Wildlife v. Andrus*, 77 F.R.D. 448, 453 (D.D.C.1978). As distinct from res judicata, the claims or legal issues in the two actions may be different. *See Carr v. United States*, 507 F.2d 191, 193 n.5 (5th Cir. 1975) *cert. denied*, 422 U.S. 1043, 95 S.Ct. 2657, 45 L.Ed.2d 694; *Hyman v. Regenstein*, 258 F.2d 502, 509 (5th Cir. 1958).

At issue in the probation revocation hearing was whether defendant William Ezra Powell participated in "an illegal liquor operation" as alleged in the revocation petition. In the present civil action for assessed distilled spirits excise taxes arising from the same distillery operation, an issue is whether defendant is a person within the purview of 26 U.S.C. § 5005(b)(1) (1976). The allegation in the probation revocation petition that defendant was "conspiring in an illegal liquor operation" may be equated with the facially broad section 5005(b)(1) prescription: "a person *in any manner* interested in the use of, any still, distillery apparatus, or distillery." Thus an identical factual issue is present.

■ Yet, this issue identity is insufficient to invoke collateral estoppel if the two actions involve different legal standards. *See Peterson v. Clark Leasing Corp.*, 451 F.2d 1291, 1292 (9th Cir. 1971). "Collateral estoppel is not applied when the burden of persuasion with respect to the issue in the second action is significantly heavier than in the first action." *Defenders of Wildlife v. Andrus*, 77 F.R.D. 448, 454 (D.D.C.1978). In the probation revocation hearing, Judge Lawrence required that the government show a violation of the terms of probation by a preponderance of the evidence. *Transcript of Proceedings* July 18, 1973, at 142, *Brief for Plaintiff, Exhibit L.* The civil burden in the instant case cannot be termed "significantly heavier" than the burden imposed by Judge Lawrence.

The second standard for collateral estoppel requires that the issue in the prior action must have been raised and litigated. *See generally* 1B *Moore's Federal Practice* ¶ 0.443[3], at 3909 (1965). Since defendant's involvement in an illegal distillery operation was a primary issue in the probation revocation hearing, and it was fully litigated over a two-day period, this requirement is satisfied.

■ It may be noted that, although mutuality of the parties in both actions is no longer necessary to apply collateral estoppel, *see Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979); *Blonder-Tongue Labs, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), "mutuality of estoppel" is present in this case.

Thus, the analysis mandated when a plaintiff seeks to preclude a defendant from relitigating an issue determined adversely to the defendant in a prior action against another plaintiff, or so-called offensive collateral estoppel, see 99 S.Ct. at 650–52; *Johnson v. United States*, 576 F.2d 606, 614–15 (5th Cir. 1978); *Hann v. Carson*, 462 F.Supp. 854, 864–65 (M.D.Fla.1978), is not required. Nevertheless, it is apparent that defendant had a full and fair opportunity to litigate the issue. Furthermore, although defendant did not have the initiative and burden of proof, there was ample motivation to vigorously litigate the issue and it was foreseeable· that the issue may be important in future litigation.

The final requirement to preclude relitigation of an issue is also met in this case. A determination that defendant conspired in an illegal liquor operation as alleged in the petition for probation revocation was necessary and essential to the resulting judgment revoking probation.

The Court now concludes that defendant William Ezra Powell is collaterally estopped from contesting whether he was a "person interested in any manner" in the subject still as defined by 26 U.S.C. § 5005(b)(1). Accordingly, plaintiff's motion for partial summary judgment on this issue is granted.

## II

■ Plaintiff also seeks summary judgment on the amount of the assessment for distilled spirit excise taxes against William Ezra Powell. The motion is supported by affidavit and documentary evidence. As noted earlier, defendants have not offered any opposing evidence or a statement of material facts.

The amount of the assessment is shown by "Certificate of Assessment and Payments," Form 4340. Brief for Plaintiff, Exhibit N. The certificate is duly signed by an official of the Internal Revenue Service, and thereby constitutes a valid assessment. *See Brafman v. United States*, 384 F.2d 863, 866 (5th Cir. 1967). *Cf. Boyd v. United States*, 439 F.Supp. 907, 910 (E.D.Pa. 1977) (summary judgment cannot be granted on improperly signed certificate of assessment). Such a certificate "is presumptively correct and the burden is on the taxpayer to overcome this presumption by countervailing proof." *United States v. Posner*, 405 F.Supp. 934, 937 (D.Md.1975); *see Mersel v. United States*, 420 F.2d 517, 518 (5th Cir. 1969); *Pinder v. United States*, 330 F.2d 119, 124 (5th Cir. 1964).

On a motion for summary judgment, therefore, this presumption imposes the burden of going forward with the evidence on the taxpayer. *United States v. Mauro*, 243 F.Supp. 413, 415 (S.D.N.Y.1965). In the present case, however, defendant has made no showing to controvert the assessment. Thus, the pleadings do not show the existence of a triable issue of fact. *See Piper v. United States*, 392 F.2d 462, 464 (5th Cir. 1968). The Fifth Circuit has recognized that when no counter proof is made "[t]he trial court [is] . . . justified, in fact required, to enter a summary judgment for the Government for the amount of the taxes proved to be due." *Lane v. United States*, 328 F.2d 602, 603 (5th Cir. 1964); *see United States v. Pierce*, 609 F.2d 407, 408 (9th Cir. 1979).

## III

■ The subject tax assessment was made against defendant William Ezra Powell on March 8, 1976. At this time, upon defendant's refusal to pay the assessment after demand, a federal tax lien attached to all of his property. 26 U.S.C. §§ 6321, 6322 (1976). Plaintiff seeks to foreclose this federal tax lien on certain real property described in paragraph 11 of its complaint. By motion for summary judgment, defendant Evie W. Powell contends that this property is not subject to foreclosure and sale as alleged in the complaint. In accordance with Fed.R.Civ.P. 56(e) and Local Rule 6.6, plaintiff has filed a response and a statement of material facts as to which it is contended there exists a genuine issue to be tried.

The pleadings reveal that defendants are husband and wife. Mrs. Powell's affidavit shows that Mr. Powell purchased the prop-

erty at public auction in August, 1975, and gave $1,000.00 as binder. The purchase price of $8,250.00 was financed by a loan from the Exchange Bank of Wrightsville for which both defendants signed. The note was secured by other property owned by Mrs. Powell which had been conveyed to her by her husband on January 18, 1957. Affiant further states: "It was the agreement of the parties that William Ezra Powell would secure the purchase of the property described in the complaint financed otherwise and personally repay the loan made at the Bank of Wrightsville." The subject property was deeded to Mr. Powell.

On March 20, 1976, Mr. Powell conveyed the property to his wife "for and in consideration of the sum of $1.00 and Other Valuable Consideration." Affiant states that no explanation was given for this conveyance other than that Mr. Powell "was unable to get the property described in the complaint financed." Notice of the federal tax lien was filed on June 24, 1976. Thereafter, according to Mrs. Powell's affidavit, a July 14, 1976, payment of $1,886.81 was made on the Bank of Wrightsville loan from Mrs. Powell's personal checking account. She subsequently paid the balance of the note.

On a motion for summary judgment, the burden is on the moving party to show that no doubt exists as to the facts and that only legal conclusions remain. *See Clark v. West Chemical Products, Inc.*, 557 F.2d 1155, 1157 (5th Cir. 1977). "[M]oreover, all inferences from underlying facts must be drawn in favor of the party opposing the motion." *Irwin v. United States*, 558 F.2d 249, 252 (5th Cir. 1977). *See generally Southern Distributing Co., Inc. v. Southdown, Inc.*, 574 F.2d 824 (5th Cir. 1978); *United States v. Hangar One, Inc.*, 563 F.2d 1155 (5th Cir. 1977); *C. Wright and A. Miller, Federal Practice and Procedure*, § 2727, at 526–30 (1973). Within this analytical framework, plaintiff argues that at least two factual issues are presented: (1) whether William Ezra Powell had an interest in the subject property to which the section 6321 lien could attach; and (2) whether Evie W. Powell was a statutory "purchaser" of the subject property, thereby rendering the purported lien invalid.

Under 26 U.S.C. § 6321, if a taxpayer neglects or refuses to pay any tax after demand, a federal tax lien attaches to all property and rights to property belonging to the taxpayer. In the instant case, Mr. Powell was the record title holder of the property on the date the lien arose. The property was financed by a note secured by property formerly owned by Mr. Powell, now belonging to Mrs. Powell, and it was agreed that Mr. Powell would "personally repay the loan." Construing these facts in favor of plaintiff, an inference may be drawn that the subject property was purchased by Mr. Powell for his own account. Thus, a fact issue emerges as to Mr. Powell's interest in the property on March 8, 1976.

As defined by 26 U.S.C. § 6323(h)(6), "[t]he term 'purchaser' means a person who, for adequate and full consideration in money or money's worth, acquires an interest (other than a lien or security interest) in property which is valid under local law against subsequent purchasers without actual notice." The property described in paragraph 11 of plaintiff's complaint was conveyed to defendant Evie W. Powell by her husband for nominal consideration on March 20, 1976. Notice of the federal tax lien which arose on March 8, 1976, was filed on June 24, 1976. Mrs. Powell made her first payment on the Bank of Wrightsville note on July 14, 1976.

There are at least three questions of fact presented: (1) whether Mrs. Powell is a "purchaser" under 26 U.S.C. § 6323(h)(6); (2) whether payments on the Bank of Wrightsville note were from Mrs. Powell's personal funds; and (3) whether Mrs. Powell had notice of the federal tax lien at the time the property was conveyed.

Based upon the foregoing analysis, IT IS HEREBY ORDERED:

(a) Defendant Evie W. Powell's motion for partial summary judgment is DENIED.

(b) Plaintiff's motion for partial summary judgment is GRANTED.

(c) Counsel for plaintiff shall, within sixty days, submit recomputations of the unpaid balance of the subject assessment, interest and applicable statutory additions, giving allowance to any credits which may have been applied to the defendant's account since assessment.