Chris **ERNSTES**, Plaintiff,

v.

Mike **WARNER**, in his individual capacity and as a teacher employed by the Rush County Consolidated School System/Rushville Consolidated School System and Arlington Junior High School;

Rush County Consolidated School System/Rushville Consolidated School System; and Arlington Junior High School, Defendants.

No. IP–94–0478–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 22, 1994.

Michael K. Sutherlin, Rick E. Lathrop, Indianapolis, IN, Tracy J. Newhouse, Rushville, IN, for plaintiff.

David R. Day, Johnson Smith Densborn Wright & Heath, Indianapolis, IN, for defendant Mike Warner.

James Stephenson, Ronald J. Semler, Stephenson Daly Morow & Kurnik, Deborah L. Burns, Jon M. Bailey, Bose McKinney & Evans, Indianapolis, IN, for defendants Rush County Schools.

## *ENTRY*

DILLIN, District Judge.

This matter comes before the Court on Defendants' Motions to Dismiss Plaintiff's Amended Complaint. For the reasons detailed below, the Court dismisses the Amended Complaint in its entirety with prejudice.

### *Background*

In the mid–1970s, Defendant Michael Warner taught science to Plaintiff Chris Ernstes at Arlington Junior High School in Rush County, Indiana. After the mid–1970s, Warner and Ernstes had no contact with each other until 1992.

While shopping with his son in October, 1992, Ernstes by chance encountered Warner. Curiously, this encounter made Ernstes anxious and depressed. Several months later, in February, 1993, Ernstes finally understood the reason for his anxiety and depression: Ernstes claims to have remembered that Warner frequently molested him in 1974 and 1975. Ernstes alleges that he repressed all memory of this sexual abuse until he ran into Warner in 1992, and then sought counselling for his anxiety and depression, eventually realizing its true source in February 1993. As a result of this realization, Ernstes attempted suicide and suffered severe emotional distress.

On March 10, 1994, Ernstes filed these troubling allegations against Warner, Arlington Junior High School, and the Rush County/Rushville Consolidated School System in this Court. Ernstes' suit includes claims under 42 U.S.C. § 1983 and pendent state tort law claims against each defendant. The Defendants offer a battery of theories for dis-

missal of the Amended Complaint, but obviously, their most prominent defense is the statute of limitations.[1] The wrongful acts allegedly occurred approximately twenty years ago, but Ernstes claims to have repressed memory of the acts until last year. Whether Ernstes may proceed with his law suit hinges largely on the legal interplay between a plaintiff's repressed memory and the applicable statute of limitations.

### Discussion

For actions under 42 U.S.C. § 1983, federal courts "borrow" the general personal injury limitations period of the state where the alleged wrong occurred. *Wilson v. Garcia*, 471 U.S. 261, 279, 105 S.Ct. 1938, 1948–49, 85 L.Ed.2d 254 (1985). However, borrowing a state limitations period does not cause federal limitations law in this area wholly to replicate state limitations law: while the length of a period is determined by reference to state law, when a period begins remains a distinct federal issue. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir.1990). As a result, while Indiana law provides the applicable limitations period for the state law claims and the § 1983 claims, reference to Indiana law does not necessarily complete the analysis.

After analyzing Indiana law and disposing of all state law claims, the Court will turn to the more difficult question concerning the effect of repressed memory on the accrual of federal actions. The Court concludes that in this case the Defendants presently may use the statute of limitations to have the federal claims dismissed.

### I.  Pendent State Law Claims

The Indiana Supreme Court recently has treated the effect of repressed memory on the statute of limitations applicable in a civil case. In *Fager v. Hundt*, 610 N.E.2d 246 (Ind.1993), the court held that Indiana generally does not allow a plaintiff to sue for acts suffered during childhood and only later remembered, after the statute of limitations has run. In Indiana, repressed memory is

not a disability tolling a statute of limitations. The Indiana court found that the "discovery rule"—which in areas such as products liability and medical malpractice law allows a plaintiff to sue years after the wrongful act if the injury only recently has become manifest—is usually not appropriate to wrongs against children because parents have an obligation to discover the wrongs and seek redress. *Id.* at 251.

The limitations period applicable to Ernstes' state law claims is two years from the time Ernstes knew or in reasonable diligence should have discovered his injury. Ind.Code Ann. § 34–1–2–2 (Burns 1986). As noted, *Fager* would impute knowledge of sexual abuse to Ernstes' parents and have the cause of action accrue in the mid–1970s. Additionally, while Indiana would toll the limitations period until the child-plaintiff reaches the age of eighteen, Ind.Code Ann. 34–1–2–5 (Burns 1986), this would leave Ernstes only until he reached age twenty to file his suit. Ernstes missed filing by more than a decade.

Undoubtedly the parties realize that the *Erie* doctrine mandates application of *Fager* without regard to this Court's assessment of the *Fager* rationale. The Indiana Supreme Court has made it clear that none of Ernstes state law tort claims can survive the statute of limitations. Without regard to Defendants' other arguments to dismiss the state law claims, Counts III, IV, and V of Ernstes' Amended Complaint are time-barred and dismissed.

### II.  Federal Claims

Though the length of a limitation period applicable in a § 1983 claim is borrowed from state law, federal courts use federal common law to determine when the period should begin to run. Generally, the period begins to run when the plaintiff knows or has reason to know of the injury giving rise to the cause of action. *Wilson v. Giesen*, 956 F.2d 738, 740 (7th Cir.1992). Civil rights actions therefore accrue when the plaintiff

---

1. Although the Defendants characterize their Motions as following Fed.R.Civ.P. 12(b)(6), the remainder of this Entry makes clear that their Motions require assessments beyond the face of the Amended Complaint.

knows or should know of the constitutional violation. *Id.* For federal claims, the discovery rule is a supplemental accrual-related doctrine, not a tolling doctrine, *Cathedral of Joy v. Village of Hazel Crest,* 22 F.3d 713 (7th Cir.1994); *Cada,* 920 F.2d at 450, equitably adding the requirement that the plaintiff know or have reason to know not only of the injury but also of the wrongful act causing the injury before the limitations period begins to run. Whether a federal cause of action has accrued is a question of fact. *Cathedral of Joy,* 22 F.3d at 719; *Cada,* 920 F.2d at 453.

██ The difficulty in the present case arises because Ernstes was a minor when the wrongful acts occurred and apparently repressed the memory of the acts at the time of the acts or before the possible disability of minority dissolved. If Ernstes neither knew nor should have known of the wrongful acts until the memories emerged then the action did not accrue until that time, and the statute of limitations did not expire before he filed suit.

Though many state courts have had occasion to determine the effect of repressed memory on the running of the statute of limitations, apparently no federal court has offered a blanket legal appraisal of the roles of minority and repressed memory in the accrual of federal causes of action. In any event, because of the present procedural context, the Defendants must show that Ernstes actually knew or should have known at some point more than two years before he filed suit that his constitutional rights had been violated. This Court is disinclined to adopt wholesale suggestions that a victim of sexual abuse must have known of the sexual abuse because the victim was physically present when it happened; likewise, the Court would avoid applying logic of the *Fager* decision here.

Nonetheless, the Court holds that the factual question of accrual presently can be decided. No reasonable finder of fact could believe that a boy molested repeatedly between his thirteenth and sixteenth birthdays would not have known what was occurring. There is no doubt that this abuse would be traumatic, humiliating, and frightening, but not so much so in this case that it could be found that the cause of action did not accrue. Both Ernstes' age at the time of the alleged abuse and the nature of the abuse preclude the Court from deciding that there is a question of fact concerning whether Ernstes knew or should have known of the alleged injury and its source. If the victim had been younger or the abuse more threatening, perhaps this might be a different case.

It is worth noting that survivors of rape and other sex crimes often describe their experiences as disembodying: coping with the violation demands leaving the body. While repressed memory cases menace many courts with threats of flooded dockets and fraudulent claims, it is essential to recall that the plaintiffs in these cases have a considerable burden: their cases are likely weak because there is little physical evidence or objective corroboration, and entire suits often wobble on the brink of dismissal as time-barred if the facts indicate that at some point sufficiently earlier in time the plaintiff knew or had reason to know of the injury and its causes. Furthermore, the discovery rule appended to the accrual law of federal actions provides a release from the potential subjectivity of the repressed memory claim, which subjectivity contributes to judicial reluctance to give legal effect to the claim. The discovery rule includes an objective prong: if a plaintiff should have known of the injury or its source, it is of no moment that he lacked actual subjective knowledge.

In these circumstances however, it safely can be said as a matter of law that Ernstes knew or had reason to known of the injury and its wrongful cause prior to the realization in 1993. In this case, both the nature of the alleged violations and Ernstes' age during the alleged perpetration make it too unlikely that there is a factual question whether Ernstes knew or should have known of the injury and its causes.

██ Having decided that the cause of action accrued no later than 1976, the Court now considers whether any tolling doctrine may hold open the door to federal court so that the March 1994 filing suffices. The tolling of federal actions that borrow state

limitations periods involves two bodies of tolling law for a court to consider. *See Cada,* 920 F.2d at 451 (discussing federal tolling doctrine in a federal claim borrowing a state limitations period) and *Wilson,* 956 F.2d at 740 (directing federal courts borrowing state limitations periods to follow state tolling rule).

The Court has already noted that Indiana law would toll the action for only two years after the plaintiff's eighteenth birthday, or until Ernstes reached the age of twenty. So, Indiana tolling law gives him no relief. Federal tolling doctrine also does not assist Ernstes. Federal equitable tolling stops the clock if despite due diligence the plaintiff cannot discover vital information about the suit. At first glance, the doctrine might seem to apply to a claim of repressed memory. However, federal equitable tolling requires the plaintiff to bring the suit within a reasonable time after he discovers, or should have discovered, the necessary facts. Where years have elapsed since the statute of limitations would have expired, the plaintiff is expected to file his suit very promptly upon discovering the necessary facts. *See Cada,* 920 F.2d at 453.

In this case, Ernstes waited thirteen months after claiming to have discovered the necessary facts. Even if federal equitable tolling at first appears to apply to his claim, the thirteen month delay is unreasonable under the circumstances as a matter of law. In *Cada,* the Court found an eight month delay unreasonable where a plaintiff missed the statute of limitation deadline by a far shorter amount of time. As a result, there is no indication that a thirteen month delay in these circumstances could be reasonable.

Accordingly, Ernstes' federal claims are time-barred and dismissed.