[No. 39881-4-I.    Division One.    December 13, 1999.]

DARRELL CLOUD, ET AL., *Appellants*, v. JOHN SUMMERS, ET AL., *Respondents*.

726

*Thomas Jeffrey Keane*, for appellants.

*David John Burman* of *Perkins Coie*; and *David Mark Soderland* of *Dunlap & Soderland, P.S.*, for respondents.

KENNEDY, C.J. — A federal district court dismissed Darrell Cloud's 42 U.S.C. § 1983 civil rights claim against the Seattle Public School District arising from childhood sexual abuse by Darrell's former teacher, Neal Summers, ruling that the claim was barred by the statute of limitations. In the same federal action, Darrell had invoked federal supplemental jurisdiction for state claims against the School District for, inter alia, negligent supervision and retention of its employee, Summers. Darrell's parents, Ingrid and William Cloud, brought a state claim against the School District in the same federal action for wrongful interference with the parent/child relationship. And in the same federal action, Darrell and his parents also brought

state claims against the co-personal representatives of the Summers Estate for injuries arising from Neal Summers' childhood sexual abuse of Darrell. After the federal district court dismissed Darrell's civil rights claim on summary judgment, the parties agreed that that there was no reason for the state claims to remain in federal court. Accordingly, the federal court denied supplemental jurisdiction over the state claims and dismissed them without prejudice.

Darrell and his parents then filed their state claims against the School District and the Summers Estate in King County Superior Court. The superior court granted summary judgment dismissing the claims against the School District based on collateral estoppel and the running of the statute of limitations, and dismissing the claims against the Summers Estate based on the Clouds' failure to timely file notice of their claims with the personal representatives.

The Clouds appeal the dismissal of their state claims. We affirm the dismissal of the claims against the Summers Estate; those claims are forever barred because the Clouds failed to timely file notice of their claims in the King County probate proceedings. We reverse the dismissal of the claims against the School District. Although the section 1983 civil rights claim arose from the same facts upon which the state claims against the School District are based, collateral estoppel does not apply because the federal court was obliged to apply federal common law to determine the accrual of the civil rights claim for purposes of the statute of limitations, and Washington's discovery rule as applied in childhood sexual abuse cases differs substantially from the federal common law upon which the federal district court relied.

## FACTS

Neal Summers was a teacher at Whitman Junior High School in the Seattle Public School District. Darrell Cloud—who alleges that Neal Summers sexually abused him com-

mencing in 1983 when he was a 13-year-old student at Whitman and continuing for months and years thereafter—shot and killed Summers on January 31, 1994. After his arrest, Darrell was found incompetent to stand trial. He was hospitalized until he returned to competency following drug therapy and counseling. He was convicted of first degree murder and is currently serving his sentence.

Darrell, who once was a good student and talented athlete, flunked out of college and became dysfunctional in virtually every aspect of his life, eventually sliding into psychosis, commencing in 1992—three years after he turned 18. His psychiatrist attributed Darrell's mental illness to sexual abuse by Summers.

The Clouds brought their federal and state claims in federal district court in 1994. In its ruling dismissing the section 1983 claim, the federal court explained that "the statute of limitation for a [federal civil rights] claim is the same as that for general personal injury claims sounding in tort in the state in which the claim arises." Clerk's Papers at 48. It then applied federal common law accrual principles to the Washington general statute of limitations and concluded that Darrell Cloud's claim was time-barred:

> Under the law summarized above, [Darrell] Cloud's claim based on sexual molestation would have accrued no later than the last act of molestation, which took place before he was eighteen years old. In Washington, commencement of the limitations period is tolled until the potential plaintiff reaches age eighteen. RCW 4.16.190. The three-year period on plaintiff's civil rights claim therefore began to run when he turned eighteen on July 25, 1987. The undisputed record shows that plaintiff knew or should have known of the alleged injury at all times from that date until the three-year period expired on July 25, 1990.

*Id.* Thereafter, the federal court "decline[d] to exercise supplemental jurisdiction over the state claims" and dismissed them without prejudice, *id.* at 50, noting, "The state claims raise potentially important questions of state law which should be decided in the courts of Washington." *Id.* at 49-50.

In January 1996, the Clouds brought their state claims against the Seattle Public School District and the Summers Estate in King County Superior Court. The trial court granted summary judgment to the School District, concluding that the claims were barred by collateral estoppel and the statute of limitations. Although the court denied summary judgment to the Summers Estate on those grounds, it ultimately granted the Summers Estate's motion for summary judgment, dismissing the Clouds' claims because they failed to timely file their claims with the personal representatives as required by the Washington Probate Notice to Creditor Statute, RCW 11.40.

The Clouds appeal the trial court's order granting summary judgment to the School District and to the Summers Estate.

STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c). "The motion will be granted, after considering the evidence in the light most favorable to the nonmoving party, only if reasonable persons could reach but one conclusion." *Reynolds v. Hicks*, 134 Wn.2d 491, 495, 951 P.2d 761 (1998). "When reviewing a summary judgment order, an appellate court engages in the same inquiry as the trial court." *Id.*

## I. Collateral Estoppel and Statute of Limitations

The Clouds maintain that neither collateral estoppel nor the statute of limitations bars their negligent supervision and retention of employee, and wrongful interference with the parent-child relationship claims against the School District. We agree.

## A. Collateral Estoppel

■ The doctrine of collateral estoppel—which is also referred to as issue preclusion—bars relitigation of a particular issue or determinative fact. *Shoemaker v. City of Bremerton*, 109 Wn.2d 504, 507, 745 P.2d 858 (1987). The purposes of this doctrine are "to avoid the burdens and potentially disruptive consequences of permitting a second and possibly inconsistent determination of matters that have been once decided[,]" 18 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 4420, at 182 (1981), and "to prevent relitigation of determined causes, curtail multiplicity of actions, prevent harassment in the courts, and inconvenience to the litigants, and promote judicial economy." *State v. Sherwood*, 71 Wn. App. 481, 488, 860 P.2d 407 (1993). The party seeking the application of collateral estoppel has the burden of proving that:

> (1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication must have ended in a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with the party to the prior adjudication; and (4) application of the doctrine does not work an injustice.

*Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 263, 956 P.2d 312 (1998).

■ But collateral estoppel does not apply where a substantial difference in applicable legal standards differentiates otherwise identical issues of mixed law and fact. 1B JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 0.443[2], at 763-64, 766 (2d ed. 1991); *see also Peterson v. Clark Leasing Corp.*, 451 F.2d 1291, 1292 (9th Cir. 1971) (explaining that issues are not identical if the second action involves application of a different legal standard, even though the factual setting of both suits is the same); *United States v. Powell*, 494 F. Supp. 260, 263 (S.D. Ga. 1980) ("[I]ssue identity is insufficient to invoke collateral estoppel if the two actions involve different legal standards.").

Because the federal civil rights statutes lack statutes of

limitations of their own, the U.S. Supreme Court has directed the lower federal courts in such cases to apply the general state law limitations period for personal injury claims. *Felder v. Casey*, 487 U.S. 131, 140, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988); *Wilson v. Garcia*, 471 U.S. 261, 279, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985).

■ But even though the *duration* of the limitation period for a section 1983 claim is governed by the state's general personal injury statute of limitations, when a section 1983 claim *accrues* is governed by federal common law. *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir. 1990); *Ernstes v. Warner*, 860 F. Supp. 1338, 1340 (S.D. Ind. 1994). Therefore, to determine when Darrell's section 1983 civil rights claim accrued, the federal court was required to apply federal common law discovery rules.

1. Federal Common Law Discovery Rules

The federal standard for accrual of a section 1983 action is when a plaintiff "knows or has reason to know of the injury which is the basis of the action." *Trotter v. International Longshoremen's & Warehousemen's Union*, 704 F.2d 1141, 1143 (9th Cir. 1983). "The discovery rule includes an objective prong: if a plaintiff should have known of the injury or its source, it is of no moment that he lacked actual subjective knowledge." *Ernstes*, 860 F. Supp. at 1341. In *Ernstes*, the plaintiff brought a section 1983 action against a former schoolteacher and a school district, claiming to have been sexually molested by the teacher in the mid-1970s commencing when the plaintiff was 13 and ending when he was 16. The lawsuit was filed in 1994. The plaintiff claimed to have suppressed the memory of the abuse until a chance encounter with the teacher in 1992 caused severe emotional distress. The plaintiff then sought counseling, and eventually realized the source of his distress in 1993. Indiana had a two-year general personal injury statute of limitations, and a tolling statute until child-plaintiffs reach the age of 18. In 1993, the Indiana Supreme Court declined to treat repressed memory as a disability tolling the statute of limitations for wrongs against children because parents

have an obligation to discover such wrongs and seek redress. *Ernstes*, 860 F. Supp. at 1340 (citing *Fager v. Hundt*, 610 N.E.2d 246, 251 (Ind. 1993)). Thus, under the general state statute of limitations governing personal injury actions the plaintiff in *Ernstes* had only until age 20 to file his claim and had missed the deadline by more than a decade.

But "[f]or federal claims, the discovery rule is a supplemental accrual-related doctrine, not a tolling doctrine." *Ernstes*, 860 F. Supp. at 1341 (citing *Cathedral of Joy Baptist Church v. Village of Hazel Crest*, 22 F.3d 713, 717 (7th Cir. 1994)); *see also Cada*, 920 F.2d at 450 (adding the requirement that the plaintiff know or have reason to know not only of the injury but also of the wrongful act causing the injury before the statute of limitations begins to run), *cited in Ernstes*, 860 F. Supp. at 1341. Whether a federal cause of action has accrued is a question of fact. *Id.* Although the *Ernstes* court was not bound by Indiana common law under which repressed memory did not toll the running of the statute of limitations for childhood sexual abuse, the court nevertheless dismissed the section 1983 claim on two grounds: First, it concluded that no rational trier of fact could believe that a boy molested repeatedly between his 13th and 16th birthdays would not have known what was occurring—thus, it was too unlikely that there was a factual question whether the plaintiff knew or should have known of the injury and its cause notwithstanding the claim of repressed memory; and second, even if repressed memory were, in a proper case, a basis for application of the federal equitable tolling doctrine, the plaintiff in *Ernstes* waited 13 months after discovering the necessary facts—an unreasonable period as a matter of law, given the requirement that federal equitable tolling requires the plaintiff to bring suit very promptly upon discovery of the necessary facts. *Id.* at 1341-42.

Darrell did not claim in federal court to have repressed his memory of childhood sexual abuse but he did claim, as he does with respect to his state claims, to have been un-

able, by reason of mental illness, to connect his psychological injuries to the abuse he allegedly suffered at the hands of Summers. Applying federal common law as above described, the federal district court dismissed his section 1983 claim because it had accrued under federal common law before Darrell reached the age of 18 and, therefore, was barred by July 25, 1990—three years after Darrell turned 18—at the expiration of Washington's three-year tolling statute generally applicable to the tort claims of minors.

■ Upon determining when, under federal common law, a section 1983 claim accrues, the courts look back to state law to see if an applicable tolling statute applies. *Elliott v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). Thus, the running of the statute of limitations was tolled until Darrell turned 18 and did not expire for three years thereafter, but the federal court determined that the statute was not tolled for any additional period due to Darrell's mental illness because he did not become so mentally ill that he could not commence the section 1983 action until 1992—two years after the expiration of the period of limitations applicable to the civil rights claim.

2. Washington's Discovery Rule in Cases Based on Childhood Sexual Abuse

Our Legislature has determined that a victim of childhood sexual abuse may know he was abused, but be unable to make a connection between the abuse and emotional harm or damage until many years later. He may also be aware of some injuries, but not discover more serious injuries until many years later. This is because of the insidious nature of childhood sexual abuse—it is a traumatic experience causing long-lasting damage. 1 LAWS OF 1991, ch. 212. Accordingly, our Legislature enacted RCW 4.16.340(1) under which a victim of childhood sexual abuse may sue the abuser for damages suffered as a result of the abuse within the later of (1) three years of the abusive act; (2) three years of the time the victim discovered or reasonably should have discovered that the injury or condition was

caused by the abusive act; or (3) three years of the time the victim discovered that the abusive act caused the injury for which the claim was brought. The statute further provides that the time limit for commencement of an action under this section is tolled for a child until the child reaches the age of eighteen.

■ ■ After the federal district court dismissed the Clouds' state claims—indeed after the trial court made its rulings in this matter and after the case was briefed and argued for this appeal—our Supreme Court ruled in *C.J.C. v. Corporation of the Catholic Bishop*, 138 Wn.2d 699, 985 P.2d 262 (1999) that RCW 4.16.340 encompasses causes of action sounding in negligence against parties who did not themselves perpetrate acts of childhood sexual abuse but who failed to protect child victims or otherwise prevent the abuse. *Id.* at 708. Moreover, the statute applies to the claims of parents brought against parties who failed to protect child victims, and commencement of the limitations period with respect to the parents is not determined by reference to knowledge possessed by the parents. Rather, it is determined according to knowledge possessed by the child victim. Thus, under the statute, the limitations period on the claims of parents of victims of childhood sexual abuse begins to run at the same time as the underlying claims of their children. *Id.* at 729.

■ The federal common law discovery rule and the Washington statutory discovery rule as applied in negligent failure to prevent childhood sexual abuse cases are substantially different. The federal court was required to apply federal common law to decide when Darrell's section 1983 claim accrued—and for federal claims, the discovery rule is a supplemental accrual doctrine, not a tolling doctrine. *Ernstes*, 860 F. Supp. at 1341. In contrast, Washington's statutory discovery rule as applied to claims based on negligent failure to prevent childhood sexual abuse has some attributes of a tolling doctrine as well as an accrual doctrine. That is, the victim may know, as Darrell knew, that he or she was molested, and may even know that some injury resulted, but may not know the full extent of the

injury or that the abuse might have been prevented if persons having a special relationship with the child had not breached a duty to protect the child from abuse. Indeed, as our Legislature has found, childhood sexual abuse, by its very nature, may render the victim *unable* to understand or make the connection between the childhood abuse and the full extent of the resulting emotional harm until many years later. Until that "disability" is lifted, the cause of action either will not accrue or, if accrued, the running of the statute of limitations will be tolled.

*C.J.C.* had not yet been decided when the federal court dismissed Darrell's section 1983 claim, but as *Ernstes* demonstrates, the federal court would not have been bound to apply our Supreme Court's ruling in *C.J.C.* in any event—just as the *Ernstes* court was not bound to apply Indiana's common law determination that repressed memory is not a disability tolling a statute of limitations— because the federal discovery rule is a supplemental accrual-related doctrine and not a tolling doctrine.

Thus, there was no prior federal court ruling on the merits of the School District's contention that the Clouds' state law claims are barred by the statute of limitations. Because the issue decided by the federal court and the issue presented in the present action are not identical, collateral estoppel does not apply. *See Nielson*, 135 Wn.2d at 263.

B. Statute of Limitations

As discussed above, undisputed evidence in the record reflects that Darrell Cloud did not connect his mental illness to Summers' abuse before January 31, 1994. The School District points to no evidence in the record from which a rational trier of fact could determine that Darrell should have discovered his negligent retention/supervision of employee claim against the School District any sooner than that. The limitations period for Darrell's parents' claims commenced at the same time as for Darrell. Therefore, on the record before us, it would appear that the statute of limitations on all the Clouds' claims against the School District did not expire until January 31, 1997.

Thus, the Clouds' claims against the School District were not time-barred when they filed their complaint in King County Superior Court on January 11, 1996. Accordingly, the trial court erred by granting summary judgment to the School District on the bases of collateral estoppel and the statute of limitations.[1]

## II. Creditor Claims Against the Summers Estate

■ The Clouds maintain that technical noncompliance with the Washington Probate Notice to Creditors Statute, RCW 11.40, does not bar their claims against the Summers Estate.

> Chapter 11.40 RCW governs the presentation of claims against a decedent's estate and it sets forth time limits within which such claims must be presented. One limit is contained in RCW 11.40.010. It provides that claims of creditors of an estate are "forever barred" if the creditors do not file their claims with the personal representative of the estate within four months of the representative's giving of notice of the decedent's death.

*Young v. Estate of Snell*, 134 Wn.2d 267, 272, 948 P.2d 1291 (1998) (footnote omitted). RCW 11.40.010 "is mandatory, not subject to enlargement by interpretation, and cannot be waived." *Judson v. Associated Meats & Seafoods*, 32 Wn. App. 794, 798, 651 P.2d 222 (1982). "Equitable considerations may not mitigate the strict requirements of the statute where a timely claim has not been filed by the creditor[.]" *In re Estate of Wilson*, 8 Wn. App. 519, 525, 507 P.2d 902 (1973).

Here, the personal representatives filed notice to creditors on March 2, 1994, and published the notice three times, beginning March 3, 1994. Further, the personal

---

[1]From the briefs of the parties, there appears to be some disagreement as to the nature of the claims brought by the parents against the School District. We express no opinion with respect to the legal efficacy of any of the Clouds' claims. Our ruling is limited to the questions of collateral estoppel and the running of the statute of limitations, which were the bases of the trial court's summary judgment ruling with respect to the School District.

representatives provided a copy of the notice to Darrell in care of his attorney on April 8, 1994. The Clouds and the Summers Estate agree that the statutory four-month time limitation for filing creditor's claims expired on July 3, 1994.

On April 14, 1994, Darrell, through his parents as parental guardians, commenced the lawsuit against the Summers Estate and the School District in federal court. In August 1994, the federal complaint was amended to include individual claims against the Summers Estate and the School District by Ingrid and William Cloud, Darrell's parents.

The Clouds assert—and the Summers Estate does not dispute—that they served the Summers Estate in the federal lawsuit and that counsel for the Summers Estate responded by entering notices of appearance.[2] On appeal, the Clouds argue that Darrell's complaint against the Summers Estate, which was filed in federal court within the four-month time limitation, is sufficient to satisfy the Washington probate notice to creditor statute, RCW 11.40.[3] They also argue that the amended complaint in federal court adding Ingrid and William Cloud's claim against the estate is also sufficient because it related back to the date that Darrell's complaint was filed.

In late July 1994, after the expiration of the four-month deadline, Darrell served the personal representatives with a notice of claim, to which he attached a copy of his federal complaint.[4] The Summers Estate rejected Darrell's claim on August 9, 1994, because "said claim is without merit

---

[2] The summons and notices of appearances in Darrell's federal case were not filed with this court.

[3] The Clouds also argue that the six weeks in which Darrell Cloud was declared legally incompetent in federal court tolled the notice of claim period under RCW 11.96.060(3). Even if this were true, the period is not tolled for Darrell because he was represented during this time by his parental guardians. RCW 11.96.060(3) ("[The notice of claim period] is not tolled if the . . . incapacitated person . . . had a guardian ad litem[.]"); Clerk's Papers at 264-65 (federal order appointing Ingrid and William Cloud as next friends of Darrell during his incompetency).

[4] Although the creditor's claim that was filed with this court references an attached complaint, the attached document was not filed with this court. Nonethe-

and the claim is barred because of failure to file it in accordance with the requirements of and within the four-month period set forth in RCW 11.40.010, 11.40.013, and 11.40-.020." Clerk's Papers at 102. Ingrid and William Cloud never filed a creditor's claim.

Our Supreme Court has explained that "[t]here is a difference between a 'claim' presented by creditors of a decedent's estate and actions at law against a decedent's estate. The filing [of] a 'claim' against the estate is generally a condition precedent to maintaining a lawsuit against the estate." *Young*, 134 Wn.2d at 272 n.2. Further, "[n]o holder of any claim against a decedent shall maintain an action thereon, unless the claim shall have been first presented as provided in this chapter." Former RCW 11.40.080 (1996).

Darrell's complaint against the Summers Estate, which he filed in federal court within the four-month time limitation, is not sufficient to satisfy the Washington Probate Notice to Creditor Statute, RCW 11.40. This statute creates a bright-line rule that required Darrell to file a notice of claim with the personal representatives. Substantial compliance is not sufficient. Darrell's failure to comply with this rule is fatal, notwithstanding the fact that the Summers Estate was fully aware of the nature of the claim for other reasons, i.e., Darrell's federal lawsuit. The same reasoning defeats Ingrid and William Cloud's claim that the amended complaint in federal court adding their claims also suffices because it relates back to the date that Darrell filed his lawsuit in federal court.

The Clouds' federal lawsuit is not an acceptable substitute for filing a creditor's claim as required by RCW 11.40. We therefore conclude that the trial court properly dismissed the Clouds' claims against the Summers Estate because the Clouds failed to comply with the Washington probate notice to creditor statute, RCW 11.40.

In conclusion, we reverse the trial court's dismissal of

less, the Clouds contend—and the Summers Estate does not dispute—that it was Darrell's April 1994 federal complaint that was attached to his creditor's claim.

the Clouds' case against the School District and affirm its dismissal of the Clouds' claims against the Summers Estate.

BAKER and AGID, JJ., concur.