[No. 13904-9-II.    Division Two.    September 27, 1993.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK B.
SHERWOOD, *Appellant.*

*William J. Johnston,* for appellant (appointed counsel for appeal).

*C. Danny Clem, Prosecuting Attorney,* and *Pamela B. Loginsky, Deputy,* for respondent.

PETRICH, J.[*] — Jack B. Sherwood was convicted on jury verdicts of guilty to separate counts of delivery of cocaine (RCW 69.50.401(a)(1)(i)), conspiracy to deliver cocaine (RCW 9A.28.040; RCW 69.50.401(a)(1)(i)), and possession with intent to deliver cocaine (RCW 69.50.401(a)(9)(i)).[1] He appeals, claiming ineffective assistance of counsel and a miscalculation of his offender score in computing the standard range of his sentences. We affirm the convictions but remand for resentencing.

The evidence disclosed that on May 31, 1989, Sherwood sold cocaine to a police informant, Mary Burkes. On September 20, 1989, Sherwood and John Gibson, his accomplice,

---

[*] Judge John A. Petrich was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

[1] He was acquitted on two other counts of delivery of cocaine.

went by boat from a marina in Bremerton to Seattle. According to Gibson, the purpose of the trip was to buy cocaine. Sherwood testified that he was taking Gibson to Seattle as a favor and did not know the objective was to buy cocaine. On their return, the police stopped Sherwood and Gibson as they were attempting to leave the marina in a car. Sherwood was arrested. Police retrieved a cigarette box containing cocaine which had been thrown out the window of the car. Police also found marijuana in Sherwood's pants leg, and cocaine in his shirt pocket.

### CLAIMED INEFFECTIVE ASSISTANCE OF COUNSEL

■ The analysis for denial of the federal and state constitutional right to effective assistance of counsel consists of two parts: First, that defense counsel's performance was deficient, that is, did it fall below an objective standard of reasonableness; second, was the defendant thus prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 80 L. Ed. 2d 674, 104 S. Ct. 2052 (1984); *State v. Thomas,* 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987); *State v. Harper,* 64 Wn. App. 283, 286, 823 P.2d 1137 (1992); *State v. Staten,* 60 Wn. App. 163, 171, 802 P.2d 1384, *review denied,* 117 Wn.2d 1011 (1991).

■ In reviewing such a claim, we bear in mind that there is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *State v. Visitacion,* 55 Wn. App. 166, 173, 776 P.2d 986 (1989). The defendant has the heavy burden of showing, after a review of the entire record, *State v. Mak,* 105 Wn.2d 692, 718 P.2d 407, *cert. denied,* 479 U.S. 995 (1986), *sentence vacated on writ of habeas corpus sub nom. Mak v. Blodgett,* 754 F. Supp. 1490 (W.D. Wash. 1991), *aff'd,* 970 F.2d 614 (9th Cir. 1992), *cert. denied,* 113 S. Ct. 1363 (1993), that counsel's performance fell below the objective standard of reasonableness after considering all surrounding circumstances. *State v. Allen,* 57 Wn. App. 134, 140, 788 P.2d 1084 (1990).

■ Here, Sherwood alleges he identified three witnesses favorable to his cause. His lawyer, after interviewing one of them, did not call that witness to testify and did not interview or call the two other witnesses. The failure to call the witnesses must have been unreasonable and must result in prejudice, or create a reasonable probability that, had the lawyer presented the witnesses, the outcome of the trial would be different. *See Strickland.*

Sherwood's lawyer spoke with one potential witness on the telephone and attempted to contact the others by telephone but received no answer. The lawyer concluded that his client would not benefit from the testimony of the person to whom he spoke on the telephone, and thus chose not to call that individual as a witness. Sherwood has not shown what beneficial information the potential witnesses would have provided had they testified. Without this showing, Sherwood has failed to establish prejudice.

In light of the strong presumption that counsel's conduct constituted sound trial strategy and was not unreasonable, along with the absence of prejudice, Sherwood's contention of ineffective assistance lacks merit. *See Allen,* 57 Wn. App. at 141 (defendant never explained how he was prejudiced by attorney's failure to call witnesses to testify and the assertion of ineffective assistance of counsel was rejected).

Sherwood also argues that counsel's failure to request an accomplice instruction constituted ineffective assistance of counsel. Again, Sherwood must show that counsel's performance fell below an objective standard of reasonableness and that such performance prejudiced him. In order to determine the reasonableness of his lawyer's conduct, we look at the accomplice instruction and its use.[2]

■ In *State v. Harris,* 102 Wn.2d 148, 685 P.2d 584 (1984), the Supreme Court harmonized two previous cases on the

---

[2]WPIC 6.05 provides that:
"The testimony of an accomplice, given on behalf of the plaintiff, should be subjected to careful examination in the light of other evidence in the case, and should be acted upon with great caution. You should not find the defendant guilty upon such testimony alone unless, after carefully considering the testimony, you are satisfied beyond a reasonable doubt of its truth."

necessity of giving a cautionary accomplice testimony jury instruction: *State v. Gross,* 31 Wn.2d 202, 216, 196 P.2d 297 (1948) and *State v. Carothers,* 84 Wn.2d 256, 269, 525 P.2d 731 (1974). The court held:

> (1) [I]t is always the better practice for a trial court to give the cautionary instruction whenever accomplice testimony is introduced; (2) failure to give this instruction is always reversible error when the prosecution relies *solely* on accomplice testimony; and (3) whether failure to give this instruction constitutes reversible error when the accomplice testimony is corroborated by independent evidence depends upon the extent of corroboration. If the accomplice testimony was substantially corroborated by testimonial, documentary or circumstantial evidence, the trial court did not commit reversible error by failing to give the instruction.

*Harris,* 102 Wn.2d at 155.

Here, John Gibson's testimony was substantially corroborated. Thus, the giving of an accomplice jury instruction was not mandatory.

Mary Burkes's testimony corroborated Gibson's testimony regarding the delivery of cocaine charge. Burkes testified that on May 31, 1989, she went to Gibson's house. Sherwood arrived with the cocaine, measured it out and handed it to Burkes's companion, who handed it to her. She also testified that she gave the money to Gibson who handed it to Sherwood. Gibson's testimony on the first count is substantially corroborated by Burkes's testimony.

Addressing the remaining counts, Gibson testified that Sherwood was his drug supplier, the two sold cocaine and they had gone to Seattle on the evening they were arrested to buy cocaine. This testimony supported these convictions.

Corroboration is found in the testimony of the officers who participated in the stop and arrest of Sherwood. They testified that the substances found on Sherwood at the time of his arrest were later identified as cocaine and marijuana. This testimony and physical evidence corroborate possession with the intent to deliver. In addition, the State introduced several photographs showing cigarette packages on the bow of Sherwood's boat. Testimony disclosed that the contents of these packages were later determined to be cocaine. Sher-

wood apparently threw another one of these cigarette packages out of the car as he was leaving the marina. The police seized at least six 1-ounce bags of cocaine from the boat. Gibson's testimony that Sherwood possessed cocaine with the intent to deliver and conspired to deliver cocaine is corroborated by the testimony of the officers and by physical evidence. Sherwood's lawyer's failure to ask for an accomplice instruction did not constitute ineffective assistance of counsel.

After reviewing the entire record, as is required by *State v. Howland*, 66 Wn. App. 586, 595, 832 P.2d 1339 (1992), *review denied*, 121 Wn.2d 1006 (1993), we conclude that Sherwood received adequate and thus effective assistance of counsel.

### SENTENCING

The final issue before the court concerns sentencing. Sherwood claims that his offender score was incorrectly calculated.

Sherwood's record of convictions discloses two separate occasions Sherwood was found guilty on his pleas of guilty to the crime of attempted possession of cocaine. One of these convictions occurred in the Superior Court for Whatcom County and the other occurred in the Snohomish County District Court. In each instance, the charge was alleged to be in violation of RCW 69.50.401(d) and RCW 9A.28.020.[3] Furthermore, in each instance the charge was denominated as a gross mis-

---

[3]RCW 69.50.401(d) provides in pertinent part:

"It is unlawful for any person to possess a controlled substance . . . .. Any person who violates this subsection is guilty of a crime, and upon conviction may be imprisoned for not more than five years, fined not more than ten thousand dollars, or both . . . .." Possession of a controlled substance is a class C felony. RCW 9A.20.021(1)(c).

RCW 9A.28.020 provides in pertinent part:

"(1) A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime.

" . . . .

"(3) An attempt to commit a crime is a:

" . . . .

"(d) Gross misdemeanor when the crime attempted is a class C felony;"

demeanor and a gross misdemeanor sentence was imposed. The convictions were neither appealed nor subject to any other type of review.

The State argued in the trial court that Sherwood's conduct fell within the ambit of RCW 69.50.407,[4] the specific anticipatory offense statute, where controlled substances are involved, rather than the general anticipatory statute, RCW 9A.28.020. Under the general act Sherwood's actions constitute gross misdemeanors while under the specific act his actions constitute felonies. Counting the prior offenses as felonies rather than gross misdemeanors results in a substantially increased offender score and increased standard range for the present offense. The trial court agreed and imposed a sentence within the higher standard range.

Sherwood argues that the earlier convictions were the result of agreements between himself and the State; and the court below cannot undo what was done in these earlier cases. The State, citing *State v. Austin,* 105 Wn.2d 511, 716 P.2d 875 (1986) and *State v. Langworthy,* 20 Wn. App. 822, 583 P.2d 1231 (1978), argues that the special statute, RCW 69.50.407, supersedes the general statute, RCW 9A.28.020, and, thus, Sherwood's prior offenses were felonies for purposes of his offender score, notwithstanding the mischaracterization of these offenses by the courts in the earlier proceedings.

We cannot disagree with the State's argument that the special statute precludes the application of the general statute. *Cf. State v. Mendoza,* 63 Wn. App. 373, 819 P.2d 387 (1991) (RCW 69.50.407, as it relates to drug conspiracies, is the specific statute which takes precedence over the general statute relating to conspiracies in RCW 9A.28, and must be used when charging one with a conspiracy to commit a drug-

---

[4]RCW 69.50.407 provides:

"Any person who attempts or conspires to commit any offense defined in this chapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy." As noted in footnote 3 above, possession of a controlled substance (RCW 69.50.401(d)) is a class C felony.

related offense). If the earlier convictions were somehow before us on review, the special statute would apply. However, those convictions are not now subject to our review. We are here concerned with the characterization of those prior convictions for the sentences imposed below under the Sentencing Reform Act of 1981 (SRA), as amended.

We conclude that the State is not entitled to reopen the earlier judgments and sentences because they became final when they were not appealed. As noted by our opinion in *State v. Blakey,* 61 Wn. App. 595, 811 P.2d 965 (1991), the need for judicial finality is recognized by the principles of res judicata and collateral estoppel, subject, however, to certain exceptions which do not apply here. Res judicata and collateral estoppel apply in criminal cases and bar relitigation of issues actually determined by a former verdict and judgment. *State v. Peele,* 75 Wn.2d 28, 30, 448 P.2d 923 (1968). The principles underlying these doctrines are to prevent relitigation of determined causes, curtail multiplicity of actions, prevent harassment in the courts, and inconvenience to the litigants, and promote judicial economy. *State v. Dupard,* 93 Wn.2d 268, 272, 609 P.2d 961 (1980).

Collateral estoppel or issue preclusion applies here. It bars relitigation of a particular issue or determinate fact. Identity of parties is an essential ingredient of the doctrine. However, it is enough that the party against whom collateral estoppel is asserted was a party or in privity with a party in the prior litigation. *Dupard.* In the prior litigation and the current litigation the parties are the same. Although the Kitsap County Prosecutor was not involved in the prior litigation, the respective prosecuting authorities represented the same sovereign. *Cf. Dupard* (The State for purposes of a parole revocation before the parole board was also the State for the purposes of the criminal prosecution for the underlying offense considered by the parole board).

Our holding is consistent with prior opinions barring the defendant from reopening prior convictions for reclassification under the SRA. *See State v. Jones,* 110 Wn.2d 74, 77-79, 750 P.2d 620 (1988); *State v. Ammons,* 105 Wn.2d 175, 187-

89, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986); *State v. Blakey*, 61 Wn. App. 595, 599, 811 P.2d 965 (1991).

The convictions are affirmed and the sentences are vacated. The case is remanded for the imposition of an appropriate sentence. We decline to rule on whether double jeopardy considerations bar the sentencing court's use of the prior convictions in support of an exceptional sentence as urged by the State.

ALEXANDER, C.J., and SEINFELD, J., concur.

Review dennied at 123 Wn.2d 1022 (1994).