[No. 18719-1-II.    Division Two.    January 19, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. KENNETH MALCOLM CAMERON, *Appellant*.

---

[2]Becker does not allege any nonconstitutional error, presumably because neither defendant objected to the special verdict form at trial. *See* RAP 2.5.

*Patricia A. Pethick*, for appellant.

*John W. Ladenburg, Prosecuting Attorney*, and *Thomas C. Roberts, Deputy*, for respondent.

MORGAN, J. — At sentencing on a conviction for delivery of heroin, Kenneth Cameron argued that a prior drug conviction should not be included in his offender score because it had washed out. The sentencing court ruled to the contrary, and Cameron filed this appeal. We remand for resentencing.

In 1974, Cameron pled guilty in federal court to one count of attempting to import marijuana with intent to distribute. In 1977, Cameron pled guilty in federal court to one count of conspiracy to possess and distribute marijuana. The federal court ordered that "Defendant is hereby required to serve a special parile [sic] period of ten years, as prescribed by 21 U.S.C. § 841(b)(1)(B)."[1] The court also ordered "that the imposition of sentence is suspended and defendant is placed on probation for a period of five years."[2] Because the five-year probation period was consecutive to other sentences, it did not start until 1980.

In 1985, Cameron was charged with violating his probation in the 1977 case. He and the United States Attorney submitted a plea agreement stating in part: "The maximum sentence that could be imposed appears to be imprisonment of up to five (5) years and a fine of up to $15,000.00."[3] The federal court accepted the agreement and committed him to jail for about four months. He was

[1] Supplemental Clerk's Papers (Federal Judgment).

[2] Supplemental Clerk's Papers (Federal Judgment).

[3] Supplemental Clerk's Papers (Federal Revocation Plea Agreement).

released on September 25, 1985, the date on which his five year probation had previously been scheduled to terminate.

The present case commenced on April 19, 1994, when Cameron was charged with three drug-related incidents. On July 13, 1994, he pled guilty to one count of delivery of heroin, committed on April 12, 1994. On September 7, 1994, he was sentenced.

At sentencing, Cameron argued that the 1974 conviction should not be included in his offender score. The sentencing court so ruled, and the State does not assail that ruling on appeal.

At sentencing, Cameron also argued that the 1977 conviction should not be included in his offender score because it had washed out. It had washed out, he said, because it was equivalent to a Class C felony, and he had spent five consecutive years in the community without being convicted of any felonies.[4] Disagreeing, the sentencing court included the 1977 conviction in the offender score. This made the offender score three and the standard range 36-48 months.[5] The court imposed a sentence of 36 months.

The issue on appeal is whether Cameron's 1977 conviction washed out before 1994. At the time of the sentencing in the present case, RCW 9.94A.360 provided in part:[6]

> (2) . . . Class B prior felony convictions other than sex offenses shall not be included in the offender score, if since the last date of release from confinement (including full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent ten consecutive years in the community without being convicted of any felonies. Class C prior felony convictions other than sex offenses shall not be included in the offender score if, since the last date of release from confinement (including

---

[4]*See* RCW 9.94A.360(2).

[5]*See* RCW 9.94A.310-.320. Without the 1977 conviction, the offender score would have been zero and the standard range 21-27 months.

[6]RCW 9.94A.360(2) was subsequently amended, but the amendments are not pertinent here.

full-time residential treatment) pursuant to a felony conviction, if any, or entry of judgment and sentence, the offender had spent five consecutive years in the community without being convicted of any felonies.

As far as the record shows, Cameron was in the community from 1985 to 1994 without being convicted of a felony. Because this was more than five but less than ten years, his 1977 conviction washes out if comparable to a Class C felony, but not if comparable to a Class B felony.

The State argues that Cameron's conviction was comparable to a Class B felony. It asserts that the 1977 conviction was Cameron's second offense (the 1974 conviction was his first); that due to RCW 69.50.408 Cameron would have been eligible for a 10-year maximum prison term if in 1977 he had been convicted in Washington rather than in federal court; and, as a result, that the 1977 conviction was comparable to a Class B felony. Disputing the effect of RCW 69.50.408, Cameron argues that the 1977 conviction was comparable to a Class C felony.

To decide whether Cameron's 1977 conviction was comparable to a Class C or Class B felony, we begin with RCW 9.94A.360(3). It provides:

> (3) Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law.

The statute's purpose is to give an out-of-state conviction the same effect as if it had been rendered in-state, or, in alternative terms, to treat a person convicted outside the state as if he or she had been convicted in Washington.[7]

To carry out this purpose, we (1) identify the comparable Washington offense; (2) classify the comparable Washington offense; and (3) treat the out-of-state conviction as if it were a conviction for the comparable Washing-

---

[7]*State v. Weiand*, 66 Wn. App. 29, 34, 831 P.2d 749 (1992).

ton offense.[8] To identify the comparable Washington offense, we compare the elements of the out-of-state crime with the elements of potentially comparable Washington crimes, as defined on the date the out-of-state crime was committed.[9] To classify the comparable Washington offense, we ask whether it is a felony under Washington law and, if so, whether it is an A, B, or C felony.[10]

Here, it is not difficult to identify the comparable Washington offense. On August 29, 1977, Cameron pled guilty to a federal indictment charging that he and others "did knowingly and intentionally combine, conspire, and agree together and with each other . . . to knowingly and intentionally possess with intent to distribute marihuana . . . in violation of Title 21, United States Code, Sections 841(a)(1) and 846."[11] In 1977, the elements of conspiracy to possess with intent to distribute under 21 U.S.C. § 841(a) and § 846 were comparable to the elements of conspiracy to possess with intent to deliver under RCW 69.50.401(a) and RCW 69.50.407. Thus, we identify the comparable Washington offense as conspiracy to possess marijuana with intent to deliver, as defined in RCW 69.50.401(a) and RCW 69.50.407.

Likewise, it is not difficult to classify the comparable Washington offense, if we reserve for later any consideration of RCW 69.50.408. Conspiracy to possess marijuana with intent to deliver is governed by RCW 69.50.407, and not by the general conspiracy statute, RCW 9A.28.040.[12] According to RCW 69.50.407, the maximum term for con-

---

[8]*Weiand*, 66 Wn. App. at 31-32.

[9]*Weiand*, 66 Wn. App. at 31-33.

[10]*Weiand*, 66 Wn. App. at 32.

[11]Supplemental Clerk's Papers (Federal Indictment).

[12]*State v. Mendoza*, 63 Wn. App. 373, 377, 819 P.2d 387 (1991), *review denied*, 841 P.2d 1232 (1992); *State v. Casarez-Gastelum*, 48 Wn. App. 112, 118, 738 P.2d 303 (1987); *State v. Hawthorne*, 48 Wn. App. 23, 27, 737 P.2d 717 (1987); *State v. Langworthy*, 20 Wn. App. 822, 826, 583 P.2d 1231 (1978) (contrasting RCW 69.50.407 with former general conspiracy statute, RCW 9.22.010), *rev'd on other grounds*, 92 Wn.2d 148, 594 P.2d 908 (1979); *see also State v. Austin*, 105 Wn.2d 511, 515, 716 P.2d 875 (1986) (dealing with attempt); *State v. Gjertson*, 71 Wn.2d

spiracy to possess marijuana with intent to deliver is the same as the maximum term for possessing marijuana with intent to deliver. According to RCW 69.50.401(a)(1)(ii), the maximum term for possessing marijuana with intent to deliver is five years. Thus, for purposes of RCW 9.94A-.360(3), Cameron's 1977 conviction was comparable to a Class C felony, unless a contrary ruling is required by RCW 69.50.408.

■ We turn then to RCW 69.50.408. It states:

(a) Any person convicted of a second or subsequent offense under this chapter may be imprisoned for a term up to twice the term otherwise authorized, fined an amount up to twice that otherwise authorized, or both.

(b) For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this chapter or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant, or hallucinogenic drugs.

(c) This section does not apply to offenses under RCW 69.50.401(d) [misdemeanor possession of marijuana].

In 1977, this statute embodied a measure of prosecutorial discretion, if not also a measure of judicial discretion.[13] It did not state that a second offender "shall" be imprisoned for a term twice that otherwise authorized; rather, it stated only that a second offender "may" be imprisoned for a term twice that otherwise authorized. Thus, a second offender was subject to a doubling of his or her

757, 430 P.2d 972 (1967) (dealing with escape); *State v. Sherwood*, 71 Wn. App. 481, 487, 860 P.2d 407 (1993) (dealing with attempt), *review denied*, 123 Wn.2d 1022 (1994); *State v. Roby*, 67 Wn. App. 741, 747-48, 840 P.2d 218 (1992) (dealing with attempt).

[13]We need not consider whether, in 1977, the statute involved judicial discretion. Nor do we need to consider whether the discretion it embodied in 1977 was altered by the later enactment of the Sentencing Reform Act, RCW 9.94A.

maximum term if, but only if, the State elected to prove a prior drug offense at the appropriate time.[14]

■ In light of this discretion, it is not enough to assert that Cameron *could* have received a doubled maximum term if he had been convicted in this state. It is also necessary to ascertain, as best we can, whether he *would* have received such a doubled term if he had been convicted in this state. If he would have, a conviction here would have been a Class B felony, and it is that class of felony to which his out-of-state conviction should now be compared. If he would not have, a conviction here would have been a Class C felony, and it is that class of felony to which his out-of-state conviction should now be compared.

To determine whether Washington authorities would have doubled Cameron's maximum term, we look to what the federal authorities did. In 1977, RCW 69.50.408 and 21 U.S.C. § 846 were virtually the same. Presuming that Washington and federal authorities were all reasonable people, and that reasonable people would have applied the same law in the same way, Washington authorities would have treated Cameron as the federal authorities actually did.

To analyze what the federal authorities actually did in 1977, we must first understand the federal sentencing scheme in effect at that time. Title 21 U.S.C. § 841(b)(1)(B) (1977) provided:

> In the case of a controlled substance in schedule I or II which is not a narcotic drug . . . such person shall be sentenced to a term of imprisonment of not more than 5 years . . . . If any person commits such a violation after one or more prior convictions of him for an offense punishable under . . . [any] other law of the United States relating to . . .

---

[14]*See State v. Sanders*, 7 Wn. App. 891, 895-96, 503 P.2d 467 (1972) (State may prove prior drug offense at sentencing); *State v. Kelley*, 77 Wn. App. 66, 68, 72, 889 P.2d 940 (1995) (no indication that State proved prior drug offense; trial court did not double second offender's maximum term); *cf. State v. Nass*, 76 Wn.2d 368, 456 P.2d 347 (1969) (enhancing factor was sale to a minor rather than prior drug offense; declares general principle that enhancing factor must be proved before enhanced sentence can be imposed).

marihuana . . . such person shall be sentenced to a term of imprisonment of not more than 10 years . . . . Any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a special parole term of at least 2 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a special parole term of at least 4 years in addition to such term of imprisonment.

Title 21 U.S.C. § 846 (1977) provided:

Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

The special provisions related to second or subsequent offenses could not be utilized unless the prosecutor filed, before trial or guilty plea, an information alleging a previous drug conviction.[15] Regardless of whether a five or ten year maximum prison term was utilized, the special parole term had no upper limit, save the defendant's lifetime.[16] The court could suspend sentence and order a maximum of five years probation for any crime not pun-

---

[15]21 U.S.C. § 851 (1977) (enacted 1970); *United States v. Gill*, 623 F.2d 540, 542 (8th Cir.), *cert. denied*, 449 U.S. 873 (1980). Title 21, United States Code, section 851 stated:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court . . . stating in writing the previous convictions to be relied upon. . . .

[16]*Walberg v. United States*, 763 F.2d 143, 148-49 (2nd Cir. 1985); *United States v. Salas*, 602 F.2d 215, 216 n.1 (9th Cir. 1979); *United States v. Dayton*, 592 F.2d 253, 254, *modified*, 604 F.2d 931 (5th Cir. 1979), *cert. denied*, 445 U.S. 904, *cert denied sub. nom Flanagan v. United States*, 445 U.S. 971 (1980); *United States v. Walden*, 578 F.2d 966, 972 (3rd Cir. 1978); *United States v. Jones*, 540 F.2d 465, 468-69 (10th Cir. 1976), *cert. denied*, 429 U.S. 1101 (1977); *United States v. Rivera-Marquez*, 519 F.2d 1227 (9th Cir.), *cert. denied*, 423 U.S. 949 (1975); *United States v. Rich*, 518 F.2d 980, 986-87 (8th Cir. 1975), *cert. denied*, 427 U.S. 907 (1976).

ishable by death or life imprisonment.[17] If probation were granted but then revoked, the court could, after revocation, order any sentence that it could have imposed at the time of the original sentencing.[18]

Evaluated against this federal sentencing scheme, several aspects of the present record fail to shed light on the present problem. In 1977, the federal court ordered a probation period of five years and a special parole term of ten years. In 1985, following the revocation of probation, the court ordered a jail sentence of about four months. Each of these orders is consistent with either a five- or a ten-year maximum prison sentence, and thus none of them helps us determine whether the federal court sentenced Cameron as a second offender.

Evaluated in light of the federal sentencing scheme, two aspects of the present record indicate that the federal authorities did not treat Cameron as a second offender, despite his earlier 1974 conviction. There is no indication that the federal prosecutor filed an information of the kind needed to trigger the special sentencing provisions applicable to a second offender. Also, when Cameron's probation was revoked in 1985, he and the United States Attorney told the court, "The maximum sentence that could be imposed appears to be imprisonment of up to five (5) years and a fine of up to $15,000.00."[19] Consequently, we conclude that the federal authorities treated Cameron's case as involving a five-year maximum prison term; that Washington authorities would have done likewise; that Cameron's 1977 conviction would have been a Class C felony if he had been sentenced in Washington; and that Cameron's conviction washed out before 1994.

---

[17] 18 U.S.C. § 3651 (1977) (repealed 1984, 1977 version passed in 1972 at Pub. L. No. 92-293, § 1, 86 Stat. 136).

[18] *United States v. Norgaard*, 959 F.2d 136, 138 (9th Cir. 1992); *United States v. Foster*, 904 F.2d 20, 21 (9th Cir. 1990); *United States v. McDonald*, 611 F.2d 1291, 1295 (9th Cir. 1980).

[19] Supplemental Clerk's Papers (Federal Revocation Plea Agreement).

384

Remanded for resentencing.

SEINFELD, C.J., and BRIDGEWATER, J., concur.