FILED
COURT OF APPEALS
DIVISION II

2013 DEC 31　AM 9: 16

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43523-3-II |
| Respondent, | |
| v. | |
| ROBERT CARL WHITEASH, | UNPUBLISHED OPINION |
| Appellant. | |

PENOYAR, J. — Robert Carl Whiteash appeals his sentence following the entry of his guilty plea. He alleges, and the State partially concedes, that the sentencing court erred by finding that his offender score included four prior federal convictions from 1977. Two of his federal convictions washed out because the offenses are generally subject to exclusive federal jurisdiction. But the sentencing court correctly included two other federal convictions because they are subject to a 10-year wash out period, which Whiteash did not meet. Although the trial court incorrectly calculated Whiteash's offender score, this error does not affect the standard sentence range. Therefore, we affirm Whiteash's sentence.

## FACTS

On December 14, 2011, the State charged Whiteash with six controlled substance felonies.[1] As part of a plea deal, Whiteash pleaded guilty to four of the counts and the State dismissed the other two.

---

[1] These charges include five counts of delivery of a controlled substance in violation of RCW 69.50.401(1),(2)(a) and one count of possession of a controlled substance with intent to deliver in violation of RCW 69.50.401(1),(2)(a).

At sentencing, the State included Whiteash's six 1977 federal convictions in its calculation of Whiteash's offender score.[2] Two of the convictions were for conspiracy to import and deliver heroin, two were for possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1), and two were for importing heroin into the United States in violation of 21 U.S.C. § 952. Whiteash argued that all of the convictions had a five-year wash out period and, therefore, they should have been excluded from his offender score.

The trial court found that the two conspiracy convictions had a five-year washout period, which Whiteash satisfied. Thus, the trial court excluded the conspiracy convictions from his offender score. But the trial court included both of the possession convictions and both of the importing convictions in Whiteash's offender score. The trial court calculated his offender score at eight and sentenced him to a total of 84 months in prison. Whiteash appeals his sentence.

## ANALYSIS

### I.  IMPORTING

First, Whiteash argues that the trial court should not have included his two federal convictions for importing heroin in his offender score because the convictions washed out. The State concedes that this was error. We agree.

We review a sentencing court's offender score calculation de novo. *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003). Under RCW 9.94A.525(3), prior federal convictions shall be classified according to comparable Washington offense definitions and sentences. If a federal felony offense is one that is usually considered subject to exclusive federal jurisdiction, the offense will be scored as a class C felony. RCW 9.94A.525(3). Here, the parties agree that importing heroin is a felony offense subject to exclusive federal jurisdiction. *See United States*

---

[2] Whiteash's other prior convictions were not contested at sentencing or on appeal.

*v. LaFroscia*, 354 F. Supp. 1338, 1340 (1973) (the Supreme Court has held that Congress has plenary power, flowing from its constitutional authority to regulate commerce with foreign nations, to prohibit the importation of narcotics). Accordingly, it is scored as a class C felony for sentencing purposes. *See* RCW 9.94A.525(3). Class C offenses are not included in the offender score if, since the last date of release from confinement on a felony conviction or the entry of judgment and sentence, the offender has spent five consecutive years in the community without committing a crime that results in a conviction. RCW 9.94A.525(2)(c). Whiteash satisfied the five-year wash out period for his 1977 convictions, therefore, the trial court erred when it considered Whiteash's two federal convictions for importing heroin in his offender score.

## II.  POSSESSION

In calculating an offender score, sentencing courts compare post-1975 offenses from other jurisdictions to the relevant Washington law existing at the time of the prior offenses. *State v. McCorkle*, 88 Wn. App. 485, 495, 945 P.2d 736 (1997). Whiteash argues that the trial court should not have included his two federal convictions for heroin possession in his offender score.[3] He contends that, because the comparable Washington offense was unclassified in 1977, the court must treat his 1977 federal offense as a class C felony with a five-year wash out period. Because the comparable Washington offense had a sentence comparable to a class B felony, which has a 10-year wash out period, the trial court did not err when it included Whiteash's federal possession offenses in his offender score.

---

[3] Whiteash does not challenge the comparability of the state and federal offenses' elements; he argues only that the offenses should be classified as class C felonies rather than class B felonies.

43523-3-II

Washington's controlled substance possession statute at the time of Whiteash's prior possession offenses stated:

> "[I]t is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance. (1) Any person who violates this subsection with respect to: (i) a controlled substance classified in Schedule I[4] or II which is a narcotic drug, is guilty of a crime and upon conviction may be imprisoned for not more than ten years, or fined not more than twenty-five thousand dollars, or both."

Former RCW 69.50.401(a)(1)(i) (1973). This statute did not classify the offense as a specific level felony and Whiteash argues that RCW 9.94A.525 does not instruct courts on determining wash out periods for unclassified offenses. Thus, he asserts that RCW 9.94A.525 is ambiguous and the rule of lenity should apply.

We review a statutory construction argument de novo and interpret statutes to give effect to the legislature's intent. *State v. Bunker*, 169 Wn.2d 571, 577-78, 238 P.3d 487 (2010). When construing a statute, we first examine the statute's plain language. *Bunker*, 169 Wn.2d at 578. We consider the language of the statute in question and related statutes that disclose legislative intent about the statute in question. *Bunker*, 169 Wn.2d at 578 (quoting *Chadwick Farms Owners Ass'n v. FHC LLC*, 166 Wn.2d 178, 186, 207 P.3d 1251 (2009). A statute is ambiguous if its language is susceptible to more than one interpretation. *State v. Davis*, 160 Wn. App. 471, 476, 248 P.3d 121 (2011). If we determine that a statute is ambiguous, the rule of lenity requires the court to construe the statute in the defendant's favor. *Davis*, 160 Wn. App. at 476-77.

---

[4] Heroin is a Schedule I controlled substance. RCW 69.50.204(b)(11).

4

RCW 9.94A.525(3) is not ambiguous. It states, in relevant part, "Federal convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." RCW 9.94A.525(3). The plain language of the statute requires sentencing courts to consider comparable sentences as well as comparable offense definitions. In 1977, when Whiteash was convicted of his federal offenses, the sentence for the comparable Washington offense was a maximum of 10 years. Former RCW 69.50.401(a)(1)(i). This is equivalent to a class B felony. RCW 9.94A.035(2).

Additionally, the legislature clearly intended heroin possession to be equivalent to a class B felony. The possession statute has always stated that the maximum term of imprisonment is 10 years. *Compare* former RCW 69.50.401(1971) *with* RCW 69.50.401. This was true both before and after the legislature amended it to specify that possession is a class B felony. LAWS OF 2003 ch. 53 § 331.

We previously reached the same conclusion in *State v. Cameron*, 80 Wn. App. 374, 380, 909 P.2d 309 (1996). There, the defendant had a prior 1977 federal conviction for conspiracy to possess marijuana with intent to distribute in violation of 21 U.S.C. § 841(a). *Cameron*, 80 Wn. App. at 379. The sentencing court determined that the comparable Washington offense was RCW 69.50.401(a). *Cameron*, 80 Wn. App. at 379. The 1977 version of RCW 69.50.401(a) did not classify offenses, but it did state that the maximum term of imprisonment for possessing marijuana with intent to distribute was five years. *Cameron*, 80 Wn. App. at 379-80. We reasoned that the offense was accordingly equivalent to a class C felony. *Cameron*, 80 Wn. App. at 380.

This case involves the same versions of the same federal and state statutes as *Cameron*. And, even though former RCW 69.50.401(a) did not classify offenses, we concluded in *Cameron* that, based on the maximum term of imprisonment, marijuana possession was comparable to a class C felony. We follow our reasoning in *Cameron* here. Accordingly, Whiteash's 1977 possession convictions are comparable to class B felonies. Class B felonies have a 10-year wash out period, which Whiteash did not meet here.[5] RCW 9.94A.525(2)(b). The trial court correctly included these offenses in his offender score.

Whiteash's two federal convictions for importing heroin washed out, and the sentencing court erred when it included them in his offender score. But the court did not err when it included his federal possession convictions in the offender score. Therefore, Whiteash's corrected offender score is 6. "When the sentencing court incorrectly calculates the standard range . . . remand is the remedy unless the record clearly indicates the sentencing court would have imposed the same sentence anyway." *State v. Parker,* 132 Wn.2d 182, 189, 937 P.2d 575 (1997). Here, the record indicates that the sentencing court would have imposed the same sentence anyway. The change in Whiteash's offender score does not impact the standard range. *See* RCW 9.94A.517. Under the drug offense sentencing grid, the standard range for an offender score of 6 to 9 is 60-to-120 months. RCW 9.94A.517. The court sentenced Whiteash on the low end of the standard range—he received 60 months (plus 24 months for the school zone enhancement). RCW 9.94A.517. Therefore, the trial court would have given Whiteash the same sentence even if it calculated his offender score at 6 rather than 8. We affirm Whiteash's sentence.

---

[5] The judgment and sentence for Whiteash's 1977 crimes was entered in July 1977 and he was again convicted of heroin possession in May of 1989. Therefore, he did not spend 10 crime-free years in the community.

6

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Penoyar, J.

We concur:

Hunt, J.

Worswick, C.J.